RECEIPT NUMBER
559758

ORIGINAL    17

ex A

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

VILLAGE CENTER ASSOCIATES LIMITED
DIVIDEND HOUSING ASSOCIATION, BOWIN
PLACE ASSOCIATES LIMITED DIVIDEND
HOUSING ASSOCIATION, CAMBRIDGE TOWER
ASSOCIATES LIMITED DIVIDEND HOUSING
ASSOCIATION, FENIMORE LIMITED DIVIDEND
HOUSING ASSOCIATION, MILLENDER CENTER
ASSOCIATES LIMITED PARTNERSHIP,
PLYMOUTH SQUARE LIMITED DIVIDEND
HOUSING ASSOCIATION, TOWN PARK
COOPERATIVE, INC., RALPH BUNCHE
COOPERATIVE HOMES AND FOUNTAIN
COURT CONSUMER HOUSING COOPERATIVE,
Individually, and on behalf of others similarly situated,

Case: 2:07-cv-12963
Assigned To: Zatkoff, Lawrence P
Referral Judge: Majzoub, Mona K
Filed: 07-17-2007 At 09:35 AM
REM VILLAGE CENTER ASSOCIATES, ET A
L V. CITY OF DETROIT (TAM)

**State Judge: Hon: William J. Giovan**

**State Court Case No: 07-716049-CZ**

Plaintiff,

v.

CITY OF DETROIT, acting through its Detroit
Water and Sewer Department,

Defendants.

| | |
|---|---|
| **CARL G. BECKER (P-10608)** | **JAMES D. NOSEDA (P-52563)** |
| **MARK K. WASVARY (P-51575)** | **MICHAEL M. MULLER (P-38070)** |
| Attorneys for Plaintiffs | Attorneys for Defendant, City |
| 2301 W. Big Beaver Rd., Suite 318 | 660 Woodward Ave., Suite 1650 |
| Troy, MI 48084 | Detroit, MI 48226 |
| (248) 649-5667 | (313) 237-3057 or (313) 237-5052 |

## NOTICE OF REMOVAL

**NOW COMES** Defendant, City of Detroit, and for its Notice of Removal, states as follows:

1.      That on or about June 15, 2007, Plaintiff filed a Class Action Complaint (Civil Action No. 07-716049) in the Circuit Court for the County of Wayne, State of Michigan naming the City of Detroit as defendant.. (Exhibit A).

2.      That Plaintiff's claims arise out of allegations that Defendant violated plaintiff's 14th Amendment equal protection rights by and through charging multiple unit dwellings such as those owned by plaintiff and the putative class members with an Industrial Waste Fee while not charging the fee to multiple dwelling owners with less than 4 units.  (Exhibit A).

3.      That this Honorable Court has original jurisdiction over the aforesaid claims under 28 U.S.C. Section 1331 (Federal Question Jurisdiction), and such claim is removable pursuant to 28 U.S.C. Section 1441(b).

5.      That the within Notice for Removal has been filed within thirty days of service or otherwise on defendant of Civil Action No. 07-716049 in the Circuit Court for the County of Wayne, State of Michigan.

Respectfully submitted,

MICHAEL M. MULLER (P-38070)
Senior Assistant Corporation Counsel
660 Woodward Ave., Suite 1650
Detroit, MI 48226
(313) 237-5052

Dated: July 17, 2007

# EXHIBIT A

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

VILLAGE CENTER ASSOCIATES LIMITED
DIVIDEND HOUSING ASSOCIATION, BOWIN
PLACE ASSOCIATES LIMITED DIVIDEND
HOUSING ASSOCIATION, CAMBRIDGE TOWER
ASSOCIATES LIMITED DIVIDEND HOUSING
ASSOCIATION, FENIMORE LIMITED DIVIDEND
HOUSING ASSOCIATION, MILLENDER CENTER
ASSOCIATES LIMITED PARTNERSHIP, PLYMOUTH
SQUARE LIMITED DIVIDEND HOUSING ASSOCIATION,
TOWN PARK COOPERATIVE, INC., RALPH BUNCHE
COOPERATIVE HOMES AND FOUNTAIN COURT
CONSUMER HOUSING COOPERATIVE,
individually and on behalf of others similarly situated,

       Plaintiffs,

v

CITY OF DETROIT, acting through its DETROIT
WATER AND SEWERAGE DEPARTMENT,

       Defendants.
_____/

07-716049 CZ  6/15/2007
JDG:WILLIAM J GIOVAN
VILLAGE CENTER ASSOC LIMITED D
VS
DETROIT CITY OF

BECKER & WASVARY, P.L.L.C.
By: CARL G. BECKER (P10608)
By: MARK K. WASVARY (P51575)
Attorneys for Plaintiffs
2301 W. Big Beaver Rd., Suite 318
Troy, MI 48084
(248) 649-5667
_____/



**CLASS ACTION COMPLAINT**

NOW COME, Plaintiffs., individually and on behalf of all others similarly situated, by

and through the undersigned attorneys from BECKER & WASVARY, P.L.L.C. and for this

Complaint states as follows:

**INTRODUCTION**

1.    This action is brought on behalf of a class of all persons and entities who own multiple dwellings with greater than four units that are utilized for residential purposes such as, but not limited to apartment buildings, and housing cooperatives whom have been charged improper rates by the City of Detroit for the last six (6) years up to the date of filing this Complaint.

2.    The City of Detroit through its Water and Sewerage Department is the entity designated under law that provides city water and city sewerage to its residents which residents include the Plaintiffs and others similarly situated.

3.    The Defendant has created an account classification in order to determine what rate to charge to certain customers (see Exhibit A). Based upon Defendants own classifications Plaintiffs and the class of persons and entities similarly situated are classified as commercial and/or apartment buildings, as all have greater than four (4) units.

4.    During the class period those Plaintiffs and members of the proposed class that were charged commercial rates were also charged an Industrial Waste Control charge.

5.    On January 24, 2007 the Detroit Water and Sewerage Department through the City of Detroit Law Department acknowledged that Industrial Waste Control charges should not apply to at least one of the named Plaintiffs in this lawsuit to wit; Ralph Bunche Cooperative (see letter to Carl G. Becker, Esq. from James D. Noseda, Esq. dated January 24, 2007 as Exhibit B).

6.    In Michigan, the Circuit Court has original jurisdiction over class action lawsuits.

## PARTIES

7.    Plaintiff Bowin Place Associates Limited Dividend Housing Association is a

2

domestic limited partnership providing subsidized residential housing in the City of Detroit, Wayne County, Michigan.

8.      Plaintiff Cambridge Tower Associates Limited Dividend Housing Association is a domestic limited partnership providing subsidized residential housing located in the City of Detroit, Wayne County, Michigan.

9.      Plaintiff Fenimore Limited Dividend Housing Association is a domestic limited partnership providing both subsidized and market rate residential housing located in the City of Detroit, Wayne County, Michigan.

10.     Plaintiff Millender Center Associates Limited Partnership is a domestic limited partnership providing residential housing located in the City of Detroit, Wayne County, Michigan.

11.     Plaintiff Plymouth Square Limited Dividend Housing Association is a domestic limited partnership providing subsidized residential housing located in the City of Detroit, Wayne County, Michigan.

12.     Plaintiff Village Center Associates Limited Dividend Housing Association is a domestic limited partnership providing subsidized residential housing located in the City of Detroit, Wayne County, Michigan.

13.     Plaintiffs Town Park Cooperative, Inc., Ralph Bunche Cooperative Homes and Fountain Court Consumer Housing Cooperative are all non-profit corporations incorporated under the laws of the State of Michigan the purposes of each such entity is to provide housing on a non-profit cooperative basis to its respective members who occupy units at the property. All three of these Plaintiffs are located and established in the City of Detroit, County of Wayne, State of Michigan.

3

14.   The Defendant, City of Detroit is a Municipal Corporation located in the City of Detroit, County of Wayne, State of Michigan.

15.   The City of Detroit acts through a department known as Detroit Water and Sewerage Department to review, modify and adopt water and sewer rates.

## CLASS ALLEGATIONS

16.   Plaintiffs incorporate paragraphs 1 through 15 as if more fully set forth herein.

17.   All Plaintiffs and class members have suffered and continue to suffer similar harm due to being charged improper water rates and/or being charged Industrial Waste Control charges.

18.   Class Definition: Plaintiffs seek to certify the following class.

All entities or individuals owning buildings, apartment buildings or housing cooperatives greater than four units and utilized for residential purposes whom have been charged Industrial Waste Control charges by the City of Detroit through its Water and Sewerage Department for the time period of six years prior to filing the instant Complaint through the date of final judgment.

19.   Numerosity. The proposed class is so numerous that joinder of all members is impracticable. While the exact number of class members is not now known, the Plaintiffs believe the class number is in excess of 1,000 members and may be readily identified from Defendant's records.

20.   Commonality. There are questions of law or fact common to the members of the class that predominate over questions affecting only individual members.

21.   Among the questions of law or fact common to the class are the following:

a)    Whether the Industrial Waste Control charge bears a reasonable relation to the service provided by the City of Detroit.

4

b)   Are the Defendant's classifications based on natural distinguishing characteristics and do they bear a reasonable relationship to the object of the legislation/classification?

c)   Are all persons of the same class included and affected alike, or are immunities or privileges extended to an arbitrary or unreasonable class while denied to others of like kind.

22.   Typicality.  The harm suffered by named Plaintiffs is typical of the harm suffered by other class members differing only in amount.  Accordingly, the claims of Plaintiffs are the same as those of the other class members.  Resolution of these common questions will determine the liability of the Defendant to the class members in general. Thus, they properly form the basis for class treatment in this case.

23.   Although the amount of damages between individual class members may vary, the underlying liability issues remain the same as between all members of the class and the Defendants.

24.   Adequacy of Representation.   The represented parties will fairly and adequately assert and protect the interest of the class.  The named Plaintiffs have already demonstrated their willingness to pursue this litigation on their own behalf, and have no known conflicts with the class members.

25.   Plaintiff's counsel will also fairly and adequately represent the interest of the class.  The law firm of Becker & Wasvary, P.L.L.C. is well versed in the facts and the substantive law underlying the Plaintiff's claims. Attorney Carl Becker has previously been certified as lead counsel in the 6th Circuit for the Western District of Michigan in a class action lawsuit titled Meredith v Beneficial Finance, and is well qualified to act as lead

5

counsel to provide adequate representation for the class. Attorney Mark Wasvary has previously been employed by some of the leading class action law firms in the country and has worked on numerous class action lawsuits.

26.     The maintenance of this action as a class action will be superior to other available methods of adjudication in promoting the convenient administration of justice.

    a)     The prosecution of separate actions by or against individual members of the class could create a risk of inconsistent or varying adjudications with respect to individual members of the class that would confront the party opposing the class with incompatible standards of conduct; and/or

    b)     Prosecution of separate actions by or against individual members of the class would create a risk of adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

27.     Final equitable or declaratory relief will be appropriate with respect to the class.

28.     The action will be manageable as a class action and in fact more manageable than the prosecution of separate actions.

29.     In view of the complexity of the issues and expense of the litigation the separate claims of individual class members are insufficient in amount to support separate actions.

30.     It is probable that the amount which may be recovered for individual class members will be large enough in relation to the expense and effort of administering the

6

action to justify a class action.

31.    Plaintiffs are not aware of any members of the proposed class that have filed similar litigation nor are Plaintiffs aware of any pending similar litigation. The instant matter is superior to other available methods of adjudication as the Statute of Limitations is tolled as to all persons within the class described in the Complaint on the commencement of an action asserting a class action. Reference is made to MCR 3.501(F). Accordingly, by filing a class action, Plaintiffs are protecting members of the class who continue to accrue damages daily and may lose the ability to recover those damages without tolling the Statute of Limitations.

## COUNT I
## VIOLATION OF EQUAL PROTECTION -
## INDUSTRIAL WASTE CONTROL CHARGES

32.    Plaintiffs incorporate paragraphs 1 through 31 as if more fully set forth herein.

33.    The Plaintiffs and members of the class that are charged commercial rates are also charged an Industrial Waste Control charge.

34.    The inclusion of multiple dwellings with more than four units charged with Industrial Waste Control charges while multiple dwellings with four or less units are excluded is a constitutionally improper classification violative of the State and Federal guarantees of equal protection (Mich Constitution 1963 Article 1, Section 2; U.S. Constitution Article 14, Section 1).

35.    The City of Detroit does not incur any greater expense in the sewage that flows from multiple dwellings with greater than four units than multiple dwellings with four or less units.

36.    The City of Detroit does not incur any greater expense in providing water to

7

multiple dwellings with greater than four units than multiple dwellings with four or less units.

37.     Multiple dwellings with four or less units are in direct competition for tenants with multiple dwellings that are charged the Industrial Waste Control charge and by reason of such charge, multiple dwellings with greater than four units are placed at a competitive disadvantage.

38.     Defendant does not incur any greater expense per unit in controlling industrial waste from dwellings with greater than four units than it does in controlling waste or sewage from dwellings with four or less units.

39.     None of the Plaintiffs or class members generate industrial waste whether it's a single family or a development of over 100 units.

40.     There is no natural distinguishing characteristic bearing a reasonable relationship to the object of the classification which results in multiple dwellings of greater than four units paying an Industrial Waste Control charge and multiple dwellings with four units or less are excluded from paying that same charge.

41.     There is no natural distinguishing characteristic of increased expense for controlling waste/sewage of multiple dwellings with greater than four units as compared to the like class of excluded properties.

42.     Multiple dwellings with four units or less are granted an immunity from paying Industrial Waste Control charges while multiple dwellings with greater than four units are arbitrarily denied such a benefit.

43.     The City of Detroit was specifically notified in 1974 that such improper classification is unconstitutional on equal protection grounds (see Alexander v City of Detroit, 392 Mich 30 (1974).

8

44.     Plaintiffs Town Park Cooperative, Inc., Ralph Bunche Cooperative Homes and Fountain Court Consumer Housing Cooperative are all run on a non-profit cooperative basis in which costs are passed through to the members of these cooperatives. Accordingly, the cost of the Industrial Waste Charge is passed on to hundreds and perhaps thousands of families, some of which are receiving subsidies either from the United States Department of Housing and Urban Development (HUD) or the Michigan State Housing Development Authority (MSHDA).

45.     For families that receive subsidies, the bill is ultimately paid in part or in whole by HUD or MSHDA.

46.     The Plaintiffs and class members that are limited dividend housing associations are limited by law on the amount of profit that may be generated. These Plaintiffs and class members also have thousands of families which are receiving subsidies either from HUD or MSHDA.

47.     The Plaintiffs and class members that are limited dividend housing associations are in direct competition with other landlords with four units or less that are not charged Industrial Waste Control charges. Since these Plaintiffs and class members are limited in the amount of profit that may be generated, the Industrial Waste Control charge greatly affects their ability to compete with the landlords that are not charged the Industrial Waste Control charge.

48.     One of the named Plaintiffs, Ralph Bunche Cooperative, was specifically investigated by HUD due to the high cost of its water and sewage bills. It was learned that part of the high cost generated at Ralph Bunche Cooperative for water and sewage bills

9

is the Industrial Waste Control charge.

49.     Plaintiffs equal protection rights, as well as the rights others similarly situated, have been violated by Defendant and as a result have incurred monetary damages.

## COUNT II - ESCROW

50.     Plaintiffs incorporate paragraphs 1 through 49 as if more fully set forth herein.

51.     The Plaintiffs and members of the class continue to accrue damages daily as they are being charged Industrial Waste Control charges.

52.     Plaintiffs request that this Honorable Court require Defendant to show cause why the Industrial Waste Control charges charged to the Plaintiffs and the proposed class members should not be paid into escrow with the Court during the pendency of this action.

WHEREFORE Plaintiffs on their own and on behalf of all those similarly situated pray for the following relief;

A.     An order for Defendant to show cause why all Industrial Waste Control charges paid by the Class should not be paid into escrow pending a final adjudication;

B.     An order certifying the plaintiff class and appointing plaintiffs and their counsel to represent the class;

C.     A judgment of money damages to plaintiffs and class members in an amount equal to the improperly paid Industrial Waste Control charges as described in the Complaint;

D.     An award of reasonable attorneys' fees and costs;

10

E.    Such other and different relief as the Court deems just and equitable.

Respectfully submitted,

BECKER & WASVARY, P.L.L.C.

By: _____
CARL G. BECKER P10608

By: _____
MARK K. WASVARY P51575

Attorneys for Plaintiffs
2301 W. Big Beaver Rd., Suite 318
Troy, MI 48084
(248) 649-5667

DATED:      June 14, 2007

11

## STATE OF MICHIGAN
## IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

VILLAGE CENTER ASSOCIATES LIMITED
DIVIDEND HOUSING ASSOCIATION, BOWIN
PLACE ASSOCIATES LIMITED DIVIDEND
HOUSING ASSOCIATION, CAMBRIDGE TOWER
ASSOCIATES LIMITED DIVIDEND HOUSING
ASSOCIATION, FENIMORE LIMITED DIVIDEND
HOUSING ASSOCIATION, MILLENDER CENTER
ASSOCIATES LIMITED PARTNERSHIP,
PLYMOUTH SQUARE LIMITED DIVIDEND
HOUSING ASSOCIATION, TOWN PARK
COOPERATIVE, INC., RALPH BUNCHE
COOPERATIVE HOMES AND FOUNTAIN
COURT CONSUMER HOUSING COOPERATIVE,
Individually, and on behalf of others similarly situated,

**State Judge: Hon: William J. Giovan**

**State Court Case No: 07-716049-CZ**

Plaintiff,

v.

CITY OF DETROIT, acting through its Detroit
Water and Sewer Department,

Defendants.

---

## PROOF OF SERVICE

The undersigned certifies that a copy of the **Notice Of Removal To U.S. District Court and this Proof of Service** were served on the attorney of record of all parties to the above cause by mailing the same to them at their respective addresses as disclosed by the pleading of record herein, with postage fully prepaid thereon on **July 17, 2007.**

I declare that the statements above are true to the best of my information knowledge and belief.

_____

**JoAnne Robinson**

JUDGES COPY

JS 44 11/99    **CIVIL COVER SHEET**    COUNTY IN WHICH THIS ACTION AROSE: WAYNE

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.

**I. (a) PLAINTIFFS**

VILLAGE CENTER ASSOCIATES LIMITED
DIVIDEND HOUSING ASSOCIATION

(b) County of Residence of First Listed:    WAYNE

(c) Attorneys (Name, Address and Telephone Number)
CARL G. BECKER (P-10608)
MARK K. WASVARY (P-51575)    (248) 649-5667
Attorneys for Plaintiffs
2301 W. Big Beaver Rd. - Suite 318
Troy, MI 48084

**DEFENDANTS**

CITY OF DETROIT

County of Residence of First Listed    WAYNE
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

Attorneys (If Known)
JAMES D. NOSEDA (P52563)
MICHAEL M. MULLER (P-38070)
660 Woodward Ave. - Suite 1650
Detroit, MI 48226 (313) 237-5052

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plainti and One Box for ...
(For Diversity Cases Only)

| | PLA | DEF | | | |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | | | |
| Citizen of ... | | | | | |
| Citizen or S ... | | | | | |
| Foreign C ... | | | | | |

Case: 2:07-cv-12963
Assigned To: Zatkoff, Lawrence P
Referral Judge: Majzoub, Mona K
Filed: 07-17-2007 At 09:35 AM
REM VILLAGE CENTER ASSOCIATES, ET A
L V. CITY OF DETROIT (TAM)

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionme |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21: 881 | 28 USC 157 | ☐ 450 Commerce/ICC |
| ☐ 150 Recovery of | | Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| Overpayment and | ☐ 320 Assault, Libel | ☐ 388 Asbestos Personal | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced & |
| Enforcement | And Slander | Injury Product | ☐ 650 Airline Regs. | | Corrupt Organizations |
| of Judgment | ☐ 330 Federal Employers' | Liability | ☐ 660 Occupational | ☐ 820 Copyrights | ☐ 810 Selective Service |
| ☐ 151 Medicare Act | Liability | **PERSONAL PROPERTY** | Safety/Health | ☐ 830 Patent | ☐ 850 Securities/Commodities |
| ☐ 152 Recovery of Defaulted | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | Exchange |
| Student Loans | ☐ 345 Marine Product | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge |
| (Excl. Veterans) | Liability | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | | 12 USC 3410 |
| ☐ 153 Recovery of Overpayment | ☐ 350 Motor Vehicle | Property Damage | Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| of Veteran's Benefits | ☐ 355 Motor Vehicle | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization |
| ☐ 160 Stockholders' Suits | Product Liability | Product Liability | Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 190 Other Contract | ☐ 360 Other Personal | | ☐ 730 Labor/Mgmt. Reporting | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Ac |
| ☐ 195 Contract Product Liability | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of |
| | | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | | Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | ☐ 510 Motions to Vacate | ☐ 790 Other Labor | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee |
| ☐ 210 Land Condemnation | ☐ 441 Voting | Sentence | Litigation | ☐ 870 Taxes (U.S. Plaintiff | Determination Under |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. | or Defendant) | Equal Access to Justic |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | ☐ 530 General | Security Act | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of |
| ☐ 240 Torts to Land | Accommodations | ☐ 535 Death Penalty | | 26 USC 7609 | State Statutes |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Action |
| ☐ 290 All Other Real Property | ☒ 440 Other Civil Rights | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

II ALLEGES VIOLATION OF EQUAL PROTECTION (14th AMENDMENT)

☐ $ DEMAND

CHECK YES only if demanded in complai
JURY DEMAND: ☐ Yes ☒ No

**VII. REQUESTED IN COMPLAINT:** ☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**VIII. RELATED CASE(S) IF ANY** (See instructions):

JUDGE JOHN FEIKENS    DOCKET NUMBER 80-71619

SIGNATURE OF ATTORNEY OF RECORD

# PURSUANT TO LOCAL RULE 83.11

1.        Is this a case that has been previously dismissed?          ☐ Yes
                                                                       ☐ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____

2.        Other than stated above, are there any pending or previously
          discontinued or dismissed companion cases in this or any
          other court, including state court? (Companion cases are       ☒ Yes
          matters in which it appears substantially similar evidence will  ☐ No
          be offered or the same or related parties are present and the
          cases arise out of the same transaction or occurrence.)

If yes, give the following information:

Court: US DISTRICT COURT, EASTERN DISTRICT, SOUTHERN DIVISION

Case No.: 77-1100 AND 80-71613

Judge: JOHN FEIKENS

Notes: THIS CASE INVOLVES AN EQUAL PROTECTION
14TH AMENDMENT CHALLENGE TO
THE CITY OF DETROIT, THROUGH IT'S
WATER & SEWER DEPARTMENT, OF
THE "INDUSTRIAL WASTE CONTROL
CHARGE" - IMPLEMENTED UNDER
THE TERMS OF JUDGE FEIKENS
AMEND. CONSENT JUDGMENT OF
APRIL, 1980 IN CASES 77-1100